IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IDANIS GARCIA MORALES,           * | CIVIL NO. 96-1975(DRD) |
| EDGAR RAFAEL RIVERA DE JESUS  * | |
| and their conjugal partnership,       * | |
| Plaintiff,           * | |
| v | |
| INSTITUTO COMERCIAL DE           * | |
| PUERTO RICO JUNIOR COLLEGE,  * | |
| ANGEL L. CURBELO,                      * | |
| Defendants.       * | |



## ORDER

The instant case has been remanded by the Circuit Court for the District Court to express "... its reasons for denying the Rule 60(b) Motion ..." (Per Curiam decision 1-31-2000 at p. 3).

The procedural history of this case is as follows: On November 27, 1996, counsel for the Plaintiffs stating "irreconcilable differences on how to prosecute the instant case [with plaintiffs]" requested to withdraw, notifying the motion to Plaintiffs' home address and further requesting on behalf of Plaintiffs a thirty-day extension to acquire counsel. (Docket No. 9.) The court reluctantly granted on December 18, 1996, the withdrawal granting the Plaintiffs until January 21, 1997, to acquire counsel. (Margin Order at Docket No. 9.) On December 13, 1996, Plaintiffs requested pro-se a further extension of time advising the court of having referred the file to attorney Judith Berkan and also to attorneys Rabell-Salicrup (same firm). The court granted the extension until January 21, 1997 as indicated

1

AO 72A
(Rev.8/82)

26

in the margin order entered on the Docket No. 10 but repeated in another separate Margin Order of this December 13, 1996, (Motion not docket by number).

Latter, the Plaintiffs once again pro-se requested a further extension of time and advised that the file was in the possession of attorney Jesús Rabell since December 27, 1996, (Docket No. 12). The court granted a further extension considering that "certain depositions were needed by attorney Rabell and they were not terminated" as stated by Plaintiffs. The court granted an extension until February 24, 1997, at 5:00 P.M. The court clearly forewarned that "no further extensions are to be granted." (Margin Order at Docket No. 12.)

On February 27, 1997, three days past the dateline after granting two extensions of time to acquire new legal representation and the Plaintiffs having been advised of counsel's request to withdraw since November 27, 1997, the court closed the case and issued Judgment **without prejudice.**[1]

Plaintiffs after the Judgement filed another pro-se motion requesting still a third open ended extension based on counsel Jesús Rabell's and Pedro Salicrup's continued evaluating the case, (Docket No. 12). The court denied the motion at a Margin Order because Plaintiffs had sufficient time to acquire counsel and the motion was late (the motion was drafted on February 25, 1997, post office marked on February 26, 1997 and

---

[1] The decision of Chico Vélez v. Roche Products, Inc., 139 F.3d 56 (1st Cir. 1998) establishing that cases closed without prejudice in discrimination cases subject to EEOC exhaustion, requiring court filing within 90 days after the right to sue letter was issued, are for all practical purposes closed with prejudice because a latter re-filing will not be timely, was decided **one year after** the instant case was closed without prejudice by the court.

2

the extension previously granted a last extension was until February 24, 1997 at 5:00 p.m.).

On March 6, 1997, the Plaintiffs, this time represented by counsel Rabell filed a timely motion to alter Judgment, assumed representation and requested a status conference, (Docket No. 16). The court denied the motion in a margin order and stated that "anyway the dismissal was without prejudice." (See Margin Order dated 3-13-97 still one year before the ruling of the Circuit Court in Chico Vélez v. Roche Products, Inc., 139 F.3d at 58-59).

The appeal in the instant case was stayed until fellow District Court Judge Salvador E. Casellas ruled on a Motion to Dismiss on the refiling of the instant case assigned to him. (This court originally closed the instant case without prejudice.) Judge Casellas eventually followed the Chico Vélez v. Roche Products, Inc., Id. precedent and dismissed the re-filed case. The dismissal was affirmed by the Circuit Court.

Plaintiffs and counsel are now **ordered to show cause within twenty days of notice of this order** (considering that Plaintiffs had knowledge of former counsel's withdrawal request since on or around November 27, 1996, and that the court granted two extensions to acquire counsel, the last until February 214, 1997 at 5:00 p.m. forewarning that "no further extensions shall be granted" and further that counsel admittedly by defendant had the file of the case since December 27, 1996) why the case should not be dismissed with prejudice denying Plaintiffs' Rule 60(b) Motion to Set Aside Judgment because "plaintiffs misconduct is specially egregious or extreme." Ortiz Anglada v. Ortiz Pérez, 183 F.3d 65, 66 (1st Cir. 1999). The court understands that Plaintiffs had around

3

ninety days to acquire new legal representation (November 27, 1995 to February 24, 1996) in the instant case. Further, the case barely had nine (9) dockets when Plaintiffs' former counsel resigned and new counsel had almost two full months to evaluate the case. (The file was in counsel Rabell's possession since December 27, 1996.) Counsel seemed to have plenty of time to review the case under the circumstances stated above.

Defendants shall reply fifteen (15) days after Plaintiffs' submittal. The matter shall then be deemed submitted.

IT IS SO ORDERED.

At San Juan, Puerto Rico, this 24 day of March 2000.

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

AO 72A
(Rev.8/82)

4