UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IDANIS GARCIA MORALES et al

    **Plaintiffs**

v.                                                             Civil No. 96-1975 (DRD)

INSTITUTO COMERCIAL DE PUERTO
RICO JUNIOR COLLEGE et al

    **Defendants**

## ORDER

On February 26, 1997, the Court entered judgment dismissing Plaintiffs' Complaint for lack of prosecution due to Plaintiffs' failure to announce new legal representation almost ninety (90) days after their original legal representative filed a motion to withdraw. (Docket No. 14). Thereafter, Plaintiffs filed a motion to alter or amend the Court's judgment (Docket No. 16) and a motion for relief of judgment (Docket No. 18), both of which were denied by the Court because Plaintiffs had sufficient time to retain new legal representation before the Court finally dismissed their Complaint and because Plaintiffs ignored the Court's warnings that the case would be dismissed and that no additional extensions to notify their new representation would be granted. (See Marginal Orders on Plaintiffs' tendered motion of January 23, 1997 and and Docket No. 12). Finally, on November 20, 1997, Plaintiffs filed a notice of appeal of the Court's judgment of dismissal (Docket No. 19) and on February 10, 2000, the First Circuit Court of Appeals vacated this Court's order denying Plaintiffs' Rule 60(b) motion and remanded the case for this Court to express reasons for its denial of Plaintiffs' Rule 60(b) motion. (Docket No. 23). This Court then expressed to Plaintiffs its inclination and ordered them to show cause why the case should not be dismissed (Docket No. 26) and Plaintiffs complied with a motion showing cause. (Docket No. 26).

In the motion to show cause, Counsel for Plaintiffs argues that at all relevant times Plaintiffs were diligent in informing the Court of their efforts to obtain legal representation and the barriers encountered in that process, including their prior representation's delay in releasing relevant documents. Further, Counsel for Plaintiffs argues that he was involved in the litigation of a civil case between February 18, 1997, and February 27, 1997, and, therefore, did not have time to evaluate Plaintiffs' request for legal representation any sooner than he did. Finally, Counsel for Plaintiffs argues that the Court did not forewarn Plaintiffs that their case would be dismissed and that the Court should take into account that the dismissal of Plaintiffs' Complaint is for all effects a dismissal with prejudice due to the holding in Chico Vélez v. Roche Prods., Inc., 139 F.3d 56 (1st Cir 1998).

N:\96-1975.60B

Although the Court is well-aware of the fatal effects which its decision to dismiss Plaintiffs' Complaint will have on Plaintiffs' rights, the Court will not close its eyes to Plaintiffs' repeated failure to comply with the Court's orders to announce new representation. The Court explains.

On November 27, 1996, Plaintiffs' original counsel requested leave to withdraw his representation, thus giving notice to Plaintiffs that they would have to search for new legal representation. (Docket No. 9). On December 18, 1996, the Court granted leave to withdraw and ordered Plaintiffs' to announce new representation by January 21, 1997, with a warning that the case was at a critical stage and that failure to comply would result in dismissal of the Complaint for lack of prosecution. (See Marginal Order on Docket No. 9 and on Plaintiffs' tendered motion filed pro se).[1] Two days after Plaintiffs' initial deadline to announce legal representation expired, Plaintiffs had not yet complied with the Court's Order and requested an extension of time (Docket No. 12), which extension was granted with a further warning that no additional extensions of time would be allowed (See Marginal Order on Docket No. 12). Plaintiffs, therefore, now had until February 24, 1997, to announce their representation.[2] (See Marginal Order on Docket No. 12). Notwithstanding, Plaintiffs' deadline again expired without compliance and on February 26, 1997, the Court dismissed Plaintiffs' Complaint for lack of prosecution. (Docket No. 14). Then, nine (9) days after judgment was entered and eleven (11) days after their second deadline had expired, Plaintiffs requested an additional extension of time to announce their representation. (Docket No. 15). This extension, however, was denied by the Court because judgment of dismissal had already been entered and Plaintiffs had been granted more than sixty (60) days since the Court's first Order that they announce their new representation and ninety (90) days since they had notice of their representation's withdrawal.

As the prior chronology of events makes clear, Plaintiffs in the instant case had ample time to retain and announce new legal representation. Further, Plaintiffs were twice warned of the urgency of this matter, once with a warning that the case was at a critical stage and failure to comply would result in dismissal and once with a warning that no further extensions would be granted. Plaintiffs, therefore, cannot now claim that they were not duly warned that their slovenliness would result in dismissal being entered. The fact that dismissal is by effect of the law with prejudice, Chico Vélez, 139 F.3d 56, is a factor that this Court has considered. Nonetheless, said fact does not suffice to alter the Court's decision because Plaintiffs' inactivity and refusal to follow management orders overrides. Plaintiffs were granted two opportunities to acquire representation within a reasonable time period and Plaintiffs failed. The reasons provided by Plaintiffs and counsel do not convince the Court.[3]

---

[1] Note that by the time this deadline expired, Plaintiffs would already have had sixty (60) days warning of their counsel's withdrawal as legal representative.

[2] By this time Plaintiffs had almost ninety days warning that they had to find legal representation.

[3] Counsel had reasonable time to file a mere notice of appearance from January 2, 1997, to the date the Court entered the judgment on February 26, 1997. While counsel may have been at trial from February 18, 1997, to February 27, 1997, no reasonable explanation is provided for the inactivity from January 2, 1997, until February 18, 1997.

N:\96-1975 60B

Plaintiffs' motion for relief from the Court's judgment of dismissal is, thus, hereby **DENIED**.

      For administrative purposes, this Order disposes of this case and all pending motions.
**IT IS SO ORDERED.**

Date: July 3/, 2000

                                       DANIEL R. DOMINGUEZ
                                       U.S. DISTRICT COURT

N·\96-1975 60B